**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26563-RAR**

**RAMON ANTONIO**
**FERNANDEZ DELGADO,**

Petitioner,

v.

**WARDEN, KROME NORTH**
**SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

# ORDER DISMISSING PETITION

**THIS CAUSE** comes before the Court on *pro se* Petitioner Ramon Antonio Fernandez Delgado's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Respondents filed a Response to the Court's Order to Show Cause ("Response"), [ECF No. 9], arguing that the Petition should be denied because Petitioner "failed to exhaust his administrative remedies[.]" Resp. at 1. Petitioner did not file a reply. *See generally* Dkt. After reviewing the parties' filings, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **DISMISSED without prejudice** for the reasons stated below.

## BACKGROUND

***Petitioner's Immigration Detention.*** Petitioner is a native and citizen of Cuba who "entered without inspection at or around San Luis, Arizona on August 12, 2021." Immigration Judge ("IJ") Removal Order, [ECF No. 9-2] at 1. Immigration and Customs Enforcement ("ICE") issued him a Notice to Appear ("NTA") on August 15, 2021, charging him with inadmissibility

under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *See* NTA, [ECF No. 9-1] at 1. ICE subsequently released him on an "[o]rder of recognizance[.]" *See* Detention History, [ECF No. 9-6].

On February 20, 2026, ICE again took Petitioner into custody. *See* Detention History at 1. On May 18, 2026, an IJ ordered Petitioner "removed from the United States to Cuba." *See* IJ Removal Order at 10 (cleaned up). On June 16, 2026, Petitioner appealed that removal decision to the Board of Immigration Appeals ("BIA"). *See* BIA Filing Receipt, [ECF No. 9-4] at 1. According to Respondents, the appeal remains pending, and the removal order is not administratively final. *See* Resp. at 2–3.

***Petitioner's Bond Proceedings.*** On September 10, 2026, while in ICE custody, Petitioner requested a bond redetermination before an IJ. *See* Resp. at 3. On September 23, 2026, the IJ issued a bond order. *See* IJ Bond Order, [ECF No. 9-5] at 1–2. In that order, the IJ denied Petitioner's request for a change in custody status "[a]fter full consideration of the evidence presented," finding Petitioner a "flight risk." IJ Bond Order at 1. The IJ's order identifies October 23, 2026, as the deadline to appeal the custody determination. *Id.* at 2. Respondents maintain that Petitioner has not appealed the denial of bond. *See* Resp. at 1, 3.

***The Petition.*** Petitioner filed the instant Petition on September 14, 2026.[1] Liberally construed, the Petition challenges the necessity and duration of his detention under the Fifth Amendment and § 1226(a) of the INA. *See* Pet. at 6–8; *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[The Court] construe[s] *pro se* pleadings liberally, holding them to a

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (emphasis in original; citations omitted). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

less stringent standard than those drafted by attorneys." (cleaned up)). He seeks "immediate release from ICE custody" or, alternatively, "an individualized bond hearing before a neutral decision maker." Pet. at 8.

## LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

The parties agree that Petitioner is detained under 8 U.S.C. § 1226(a). *See* Pet. at 7; Resp. at 1, 3. The Petition must nevertheless be dismissed because Petitioner has not exhausted the administrative remedies available to challenge the IJ's bond determination. Under § 1226(a), bond-eligible detainees "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1263 (11th Cir. 2026). Here, Petitioner received that review. *See* IJ Bond Order at 1.[2]

Although exhaustion in a § 2241 proceeding is not jurisdictional, "[t]he exhaustion requirement is still a requirement." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

---

[2] Though Petitioner asks for "immediate release from ICE custody[,]" § 1226(a), standing alone, does not entitle a detainee to release. Pet. at 8; *see e.g.*, *Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *1 (M.D. Fla. July 17, 2026), *on reconsideration*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2618549 (M.D. Fla. Aug. 28, 2026) (explaining that "a bond hearing is—at most—all that [a petitioner is] potentially entitled to receive under the INA" (alterations adopted)).

Thus, a court may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* Because exhaustion is nonjurisdictional, however, a court may bypass the issue where "it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id.* Respondents expressly assert that Petitioner "failed to exhaust his administrative remedies[.]" Resp. at 1.

The administrative remedy Petitioner failed to pursue is prescribed by regulation. An IJ's custody determination "shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision." 8 C.F.R. § 1003.19(f). The same provision states that "[a]n appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38." *Id.* And the BIA has appellate jurisdiction over "[d]eterminations relating to bond, parole, or detention of an alien[.]" *Id.* § 1003.1(b)(7). Thus, after the IJ denied bond, Petitioner could appeal that custody determination to the BIA. *See id.* §§ 1003.1(b)(7), 1003.19(f).

Petitioner has not completed that administrative process. On September 23, 2026, the IJ denied Petitioner's request for a change in custody status "[a]fter full consideration of the evidence presented," finding him a "flight risk." IJ Bond Order at 1. And the IJ gave Petitioner until October 23, 2026, to file an appeal. *See id.* at 2. Respondents maintain that Petitioner "did not appeal the denial of bond." Resp. at 1. Although the appeal deadline has not yet expired, the record contains no indication that Petitioner appealed the IJ's custody determination to the BIA. Accordingly, Petitioner has not exhausted the administrative remedy available to him. *See Santiago-Lugo*, 785 F.3d at 475.

Petitioner has also failed to show that pursuing the BIA appeal would have been futile. *See generally* Pet. "[E]xhaustion is not required where no genuine opportunity for adequate relief

exists." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). In the immigration-detention context, courts have excused exhaustion where the agency's controlling position effectively predetermined the result of any request for bond or subsequent BIA appeal. *See e.g.*, *Castello-Casali v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-451-JEP-SJH, 2026 WL 1601374, at *1 n.2 (M.D. Fla. June 4, 2026) (excusing exhaustion because the BIA had "conclusively determined" in *Matter of Yajure Hurtado* that immigration judges lacked authority to consider bond requests from similarly situated detainees, such that the BIA had "predetermined" the issue); *Gonzalez v. Warden, Glades Cnty. Corr. Ctr.*, No. 2:26-CV-1281-KCD-DNF, 2026 WL 1345910, at *1 n.2 (M.D. Fla. May 14, 2026) (excusing exhaustion where, before *Hernandez Alvarez*, "the agency's position was that interior aliens like Petitioner were simply ineligible" for a bond hearing).

That is not the situation here. The IJ exercised jurisdiction over Petitioner's request and denied bond after finding him a "flight risk." IJ Bond Order at 1. The regulations expressly authorized Petitioner to appeal that determination to the BIA. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f). Petitioner therefore had an available administrative remedy through which to challenge the IJ's custody determination, and he has identified no circumstances demonstrating that pursuing that remedy would have been futile. *See Linfors*, 673 F.2d at 334.

Because Respondents properly asserted exhaustion and Petitioner did not exhaust the available BIA review process, the Petition must be dismissed without prejudice. *See Santiago-Lugo*, 785 F.3d at 475.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED without prejudice for failure to exhaust administrative remedies**.

2. All pending motions are **DENIED as moot**.

3. All deadlines are **TERMINATED**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Ramon Antonio Fernandez Delgado, *pro se*
counsel of record